IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:25-CV-00299-TDS-JLW

| | |
|---|---|
| LIQUIDIA TECHNOLOGIES, INC., *Plaintiff*, v. UNITED THERAPEUTICS CORPORATION, *Defendant*. | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT UNITED THERAPEUTICS CORPORATION'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and this Court's inherent equitable authority, Defendant United Therapeutics Corporation ("UTC") moves to dismiss this action or, in the alternative, stay this action until the completion of the later of *United Therapeutics Corp. v. Liquidia Technologies*, No. 1:20-cv-00755-RGA (D. Del.) and *United Therapeutics Corp. v. Roscigno*, No. 24-CVS-3755 (N.C. Super. Ct. Durham Cnty.).

In support of this motion, UTC submits the accompanying memorandum and states as follows:

1. This case represents an improper lawsuit brought by Plaintiff Liquidia Technologies ("Liquidia") based on the misappropriation of Defendant UTC's trade secret documents that culminated into Patent No. 10,898,494 (the "'494 patent") asserted by Plaintiff in this matter.

2. UTC previously filed suit against Liquidia for patent infringement in June 2020 in the District of Delaware. *See United Therapeutics Corp. v. Liquidia Technologies*, No. 1:20-cv-00755-RGA (D. Del.). During discovery for that matter, UTC discovered that a former UTC executive, Robert Roscigno, who was later hired by Liquidia, pilfered confidential and trade secret documents from UTC and used them while at Liquidia to compete against UTC.

3. In December 2021, UTC brought suit against Liquidia and Roscigno alleging trade secret misappropriation and unfair or deceptive trade practices. *See United Therapeutics Corp. v. Liquidia Techs., Inc.*, No. 21-CVS-4094 (N.C. Super. Ct.

1

Durham Cnty.). That lawsuit is currently awaiting a summary judgment determination.

4. In May 2024, UTC brought an additional suit against Roscigno and Liquidia based on Roscigno's refusal to assign his right, title, and interest in the '494 patent to UTC. *See United Therapeutics Corp. v. Roscigno*, No. 24-CVS-3755 (N.C. Super. Ct. Durham Cnty.). UTC brought suit for breach of contract based on multiple employment agreements signed by Roscigno while at UTC requiring him to assign all inventions conceived in the course of or as a result of his employment or that involved the use of confidential information. In that matter UTC also seeks a declaratory judgment that UTC is the owner of any patentable materials made or conceived by Roscigno during his time at Liquidia. That breach of contract matter is currently stayed pending resolution of Liquidia's summary judgment motion in the trade secret matter.

5. In the present matter, Liquidia improperly asserts the '494 patent against UTC, a rightful co-owner of the patent. This action would thus require UTC to defend against an infringement action for an asserted patent which it rightfully co-owns. This would require UTC to assert invalidity defenses that, if successful, would diminish the value of its own property.

6. Liquidia lacks the Constitutional standing required to bring this suit because Liquidia has not and cannot suffer an injury in fact. This Court should dismiss this case for at least this reason.

7. Liquidia lacks prudential standing because UTC is a co-owner of the '494 patent and all co-owners must be joined as plaintiffs for a lawsuit to proceed. This Court should dismiss this case for at least this reason.

8. Liquidia also lacks prudential standing based on UTC's co-ownership of the '494 patent because all co-owners are allowed to exploit their rights to freely make, use, offer to sell, and sell the patented invention without regard to the wishes of any other co-owner. This Court should dismiss this case for at least this reason.

9. In the alternative, this Court should stay this case pending resolution of the later of *See United Therapeutics Corp. v. Liquidia Techs., Inc.*, No. 21-CVS-4094 (N.C. Super. Ct. Durham Cnty.) and *United Therapeutics Corp. v. Roscigno*, No. 24-CVS-3755 (N.C. Super. Ct. Durham Cnty.).

For these reasons, and as further explained in the accompanying brief, UTC respectfully requests the following relief:

a. That this Court dismiss this case for lack of standing under Rule 12(b)(1).

b. That this Court dismiss this case for lack of standing under Rule 12(b)(6).

c. That this Court stay this case pending resolution of the later of the two ongoing matters related to ownership of the '494 patent. *See United Therapeutics Corp. v. Liquidia Techs., Inc.*, No. 21-CVS-4094 (N.C. Super. Ct. Durham Cnty.) and *United Therapeutics Corp. v. Roscigno*, No. 24-CVS-3755 (N.C. Super. Ct. Durham Cnty.).

Dated: June 20, 2025

/s/ *Christopher G. Smith*
Christopher G. Smith
N.C. State Bar No. 22767
David A. Pasley
N.C. State Bar No. 52332
SMITH, ANDERSON,
BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-6745
Email: csmith@smithlaw.com
dpasley@smithlaw.com

William C. Jackson
D.C. Bar. No. 475200
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20001
Telephone: (202) 346-4000
Email: WJackson@goodwinlaw.com

Douglas H. Carsten
CA. Bar No. 198467 McDermott Will &
McDermott Will & Emery LLP
12636 High Bluff Drive, Suite 325
San Diego, CA 92130
Telephone: (619) 467-1802
Email: Dcarsten@mwe.com

*Attorneys for United Therapeutics Corporation*

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Court using the CM/ECF system.

Dated: June 20, 2025

*/s/ Christopher G. Smith*
Christopher G. Smith
N.C. State Bar No. 22767
David A. Pasley
N.C. State Bar No. 52332
SMITH, ANDERSON,
BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-6745
Email: csmith@smithlaw.com
 dpasley@smithlaw.com

*Attorneys for United Therapeutics Corporation*
