## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CIVIL ACTION NO. 1:25-CV-00299-TDS-JGM

LIQUIDIA TECHNOLOGIES, INC.,

Plaintiff,

v.

UNITED THERAPEUTICS
CORPORATION,

Defendant.

**JURY TRIAL DEMANDED**

## UTC'S STATUS UPDATE AND APPLICATION TO EXTEND STAY

Defendant United Therapeutics Corporation ("UTC") respectfully submits this status update and application to extend the current stay. The related state court proceedings that formed the basis for the Court's stay remain pending and the same considerations supporting a stay continue to apply. (*See* D.E. 42 (Hearing Tr.) at 71:24-72:3 ("[T]he resolution of the state court claims could have a significant effect on the federal claims and . . . for purposes of judicial economy, it seems that figuring out where that case goes could resolve the [federal] claims.").) For the same reasons as those set forth in UTC's initial motion for stay and discussed at the hearing, and because trial is now set in the state court trade secret case, UTC respectfully requests an extension of the stay. (*See id.* at 71:20-23.)

## Procedural History

Before Plaintiff Liquidia filed this case, UTC had brought two separate state court actions in North Carolina against Liquidia and one of its former employees, Dr. Roscigno. The first case involves trade secret misappropriation and the second involves breach of

contract claims. *United Therapeutics Corp. v. Liquidia Techs., Inc*., Case No. 21-CVS-4094 (N.C. Super. Ct.) (the "trade secret case"); *United Therapeutics Corp. v. Roscigno*, Case No. 24-CVS-3755 (N.C. Super. Ct.) (the "breach of contract case") (collectively, the "state court cases").

After Liquidia filed the Complaint here (D.E. 1), UTC moved to dismiss or stay the action in view of UTC's ownership or co-ownership of the lone asserted patent (the '494 patent), which is an issue in the ongoing state court cases. (D.E. 25 (filed June 20, 2025).) If UTC were to prevail in the state court cases, it would be an owner or co-owner of the patent and, accordingly, the case here likely would be at least partly or even entirely moot. Liquidia opposed on July 7, 2025 (D.E. 28) and UTC replied in support of its motion on July 21, 2025 (D.E. 30).

On November 17, 2025, the Court held a hearing regarding UTC's motion. (D.E. 42.) The Court granted UTC's stay request and entered a Text Order staying the case for six months.

On December 29, 2025, Liquidia notified the Court that its appeal from the denial of its motion to dismiss the breach of contract case had been denied. (D.E. 43.) Liquidia also noted that the North Carolina court had held a status conference in the trade secret case on December 16, 2025. (*Id.*)

<u>**Status Update**</u>

Both state court cases remain pending.

The trade secret case now is proceeding to trial. While the case was ready for trial since fact discovery closed more than two years ago, trial had not been scheduled when

UTC filed its initial motion to dismiss or stay. Initially, trial scheduling was postponed due to separate and staggered motions to dismiss filed by the defendants. Those motions were both denied by Judge Earp. Next, because of challenging and unanticipated circumstances at the North Carolina Business Court, the case was reassigned twice since Judge Earp's ruling. First, the case was reassigned to Judge Brown, who held a status conference on December 16, 2025, but subsequently retired early three months later. The case was then reassigned to Judge Shirley on March 4, 2026. The Court held a status conference this past Monday, April 13, 2026, and set a trial date beginning on January 11, 2027. The Court has also directed the parties to meet and confer on a proposed pretrial schedule. Liquidia has argued that the parties need at least 120 days for pretrial proceedings. *See* 12/16/2025 Status conference hearing transcript at 39:25-40:1 (Attached as **Exhibit 1**). Given the end-of-year holidays, the parties will likely be focused on addressing pretrial deadlines from September 2026 through the end of the year.

The breach of contract case is currently in the early stages of fact discovery. The parties have exchanged sets of written discovery requests, but no depositions have been taken. Fact discovery is set to close on February 2, 2027, with expert discovery expected to close on June 17, 2027. No trial date has been set.

### Request To Extend Stay

The power to issue a stay derives from the Court's "inherent" authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing that courts possess "the inherent authority

to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). Under *Landis*, courts weigh "the interests of judicial economy, the hardship and inequity to the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay." *Crowell v. North Carolina*, 2018 WL 6031190, at *3 (M.D.N.C. Nov. 16, 2018).

The Court previously considered these factors, and all of the reasons that supported the initial stay continue to apply.

First, staying this case continues to advance judicial economy. As this Court correctly observed, the outcome of the state court cases "may have a significant effect on the current federal litigation," and the purposes of judicial economy would be best served by waiting to see how the state court resolves those claims. (D.E. 42 (Hearing Tr) at 72:1-8.) If UTC prevails there, this litigation, and its burden upon the Court likely will be reduced or avoided altogether and that consideration counsels in favor of extending the stay. Nothing has occurred to change this reasoning.

Second, litigating this case before resolution of the state court cases would significantly prejudice UTC. (D.E. 26 at 17-19.) The state court cases have not been decided since the November 2025 hearing, so the prejudice to UTC found by the Court at the hearing remains and warrants further extension of the stay. (D.E. 42 (Hearing Tr.) at 72:9-17.) Absent a finding in the state court cases, the ownership of the '494 patent remains undetermined. Requiring UTC to litigate this case while those cases remain pending would prejudice UTC by "having to take adverse positions to patents it believes it owns." *Neville v. Aldridge Constr., Inc.*, 2018 WL 3472189, at *3 (C.D. Cal. Apr. 10, 2018). Were

discovery to begin in this case, UTC would be faced with the '494 patent being asserted against it by Liquidia all the while UTC would be preparing for trial in the trade secret case and engaging in discovery in the breach of contract case embracing the '494 patent that UTC believes it owns. That tension seems impossible and at minimum highly prejudicial.

Third, extending the stay will not prejudice Liquidia. Liquidia has not suffered any prejudice as a result of the stay, and an extension will simply preserve the status quo. In fact, Liquidia previously opposed the stay by complaining that it would "indefinitely" delay Liquidia's ability to seek relief. But the parties now have a trial date set in the trade secret case. Moreover, Liquidia does not seek injunctive relief here, and a stay does not impact its ability to collect past damages. If the state court cases are resolved in its favor, Liquidia will be free to move forward with this case and seek damages for any alleged infringement it contends occurred during the stay. *See Santrade, Ltd. v. General Elec. Co.*, 1990 WL 312778, at \*2 (E.D.N.C. Dec. 6, 1990) (finding no prejudice where the non-moving party would still be entitled "to continue the patent infringement case in this court, with any damages accruing during the time that the stay is in effect").

Liquidia's ability to seek relief was considered by the Court at the November status conference and found insufficient to overcome the clear hardship that proceeding would cause UTC. (D.E. 42 (Hearing Tr.) at 72:9-17.) While the Court left open the possibility that a longer stay could influence the balance of prejudice, Liquidia has not established any facts to support this. To the extent that Liquidia may argue that an extension of the stay beyond the six months originally ordered by the Court would result in some unique hardship, UTC reserves the right to respond.

## Conclusion

For the reasons presented above and in its previous Motion (D.E. 26 at 17-19), UTC respectfully asks the Court to extend the present stay until resolution of the state court cases, or, in the alternative, for an additional six-month period (after which time, UTC can provide another status update).

Dated: April 20, 2026

/s/ Christopher G. Smith
Christopher G. Smith
N.C. State Bar No. 22767
David A. Pasley
N.C. State Bar No. 52332
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-6745
Email: csmith@smithlaw.com
dpasley@smithlaw.com

William C. Jackson (*Special Appearance*)
D.C. Bar No. 475200
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20001
Telephone: (202) 346-4000
Email: WJackson@goodwinlaw.com

Douglas H. Carsten (*Special Appearance*)
C.A. Bar No. 198467
McDermott Will & Schulte LLP
12636 High Bluff Drive, Suite 325
San Diego, CA 92130
Telephone: (619) 467-1802
Email: Dcarsten@mcdermottlaw.com

*Attorneys for United Therapeutics Corporation*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for United Therapeutics Corporation conferred with counsel for Liquidia Technologies, Inc. prior to filing the foregoing document.

Dated: April 20, 2026.

/s/ *Christopher G. Smith*
Christopher G. Smith
N.C. State Bar No. 22767
SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-6745
Email: csmith@smithlaw.com

*Attorney for United Therapeutics Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Court using the CM/ECF system, which electronically served all counsel of record.

Dated: April 20, 2026.

/s/ *Christopher G. Smith*
Christopher G. Smith
N.C. State Bar No. 22767
SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-6745
Email: csmith@smithlaw.com

*Attorney for United Therapeutics Corporation*